UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION


| BRIAN DUANE COLVIN, | ) | CASE NO. 4:18CV1249-JRA |
| --- | --- | --- |
| Plaintiff, | ) ) | JUDGE JOHN R. ADAMS |
| -vs- | ) ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) ) ) | MEMORANDUM OF OPINION AND ORDER |
| Defendant. | ) ) ) | |

The Social Security Administration denied Plaintiff Brian Duane Colvin's application for disability insurance benefits ("DIB") and supplemental social security income ("SSI"). Plaintiff sought review of the Commissioner's decision, and the case was referred to Magistrate Judge James R. Knepp II for preparation of a Report and Recommendation ("R&R") pursuant to 42 U.S.C. §1383(c)(3), 42 U.S.C. §405(g), and Local Rule 72.2(b)(1). The Magistrate Judge submitted an R&R that recommends this Court affirm the final decision of the Commissioner. Doc. 20. Plaintiff filed objections, and Defendant filed a response. Docs. 21, 22. For the following reasons, the Court hereby overrules the objections and ADOPTS the R&R of the Magistrate Judge.

The R&R adequately states the factual and procedural background of this case. Plaintiff has demonstrated no error in that background, so the Court will not reiterate those sections herein.

I.  **STANDARD OF REVIEW**

When a magistrate judge submits an R&R, the Court is required to conduct a *de novo* review of the portions of the Report and Recommendation to which an appropriate objection has

1

been made. 28 U.S.C. §636(b). Objections to the R&R must be specific, not general, in order to focus the court's attention upon contentious issues. *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). The Court's review of the decision is limited to determining whether substantial evidence, viewing the record as a whole, supports the findings of the ALJ. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978). Substantial evidence is more than a mere scintilla of evidence but less than a preponderance. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (citing *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938); *Besaw v. Sec'y of Health & Human Services*, 966 F.2d 1028, 1030 (6th Cir. 1992) (per curiam)).

If substantial evidence supports the ALJ's decision, a reviewing court must affirm the decision even if it would decide the matter differently. *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (*citing Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983) (per curiam)). Moreover the decision must be affirmed even if substantial evidence would also support the opposite conclusion. *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (en banc). This "standard allows considerable latitude to administrative decision makers. It presupposes that there is a zone of choice within which the decision makers can go either way, without interference by the courts. An administrative decision is not subject to reversal merely because substantial evidence would have supported an opposite decision." *Id.* (quoting *Baker v. Heckler*, 730 F.2d 1147, 1150 (8th Cir. 1984)). In determining, however, whether substantial evidence supports the ALJ's findings in the instant matter, the Court must examine the record as a whole and take into account what fairly detracts from its weight. *Wyatt v. Sec'y of Health & Human Servs.*, 974 F.2d 680, 683 (6th Cir. 1992). The Court must also consider whether the Commissioner employed the

proper legal standards. *Queen City Home Health Care Co. v. Sullivan*, 978 F.2d 236, 243 (6th Cir. 1992).

## II.     LAW AND ANALYSIS

Following a remand by this Court for further consideration of Listing 1.04, and a hearing at which Plaintiff (who was represented by counsel) and a vocational expert ("VE") testified, the ALJ found Plaintiff not disabled in a final written decision on April 28, 2017. Thus, social security benefits were denied.

Plaintiff timely filed the instant action. Magistrate Judge Knepp issued an R&R, recommending to this Court that the decision of the Commissioner be affirmed.

Plaintiff filed objections, arguing that the ALJ's decision was not supported by substantial evidence. Doc. 22. Specifically, Plaintiff argues that the Magistrate Judge improperly concluded that any arguments or discussion of Plaintiff's mental impairments were waived because they were not addressed in Plaintiff's opening brief. Plaintiff further argues that the ALJ did not clearly articulate his findings as to whether Plaintiff met or equaled the requirements of Listing 1.04. Additionally, Plaintiff contends that the ALJ failed to give proper weight and consideration to Dr. Crawford's opinion, and that the ALJ impermissibly cherry-picked evidence to support a conclusion that Plaintiff's grasp, manipulation, and pinch abilities are largely normal "throughout the record" and that Plaintiff's problems with fine coordination are "transient." Further, Plaintiff claims that the Magistrate improperly interpreted the duration requirement to mandate that Plaintiff suffer from symptoms 24 hours a day, seven days a week.

Defendant disagrees, and maintains that the ALJ did not harmfully err in his evaluation of Listing 1.04 and the opinion evidence, as well as Plaintiff's mental impairments and manipulative

abilities. Defendant also states that Plaintiff's objections are largely reiterative of the challenges he raised in his initial brief. This Court agrees.

Regarding Plaintiff's objection that the ALJ did not adequately address whether Plaintiff met or equaled the requirements of Listing 1.04, Plaintiff ignores the ALJ's detailed explanation of his conclusion that Plaintiff did not meet or medically equal the listing:

> Relevant to Listing 1.04, radiographic and imaging studies of the lumbar spine (2F/21), (12F/3), (16F/3), (18F/2), (29F/2), and (32F/2) have given no indication of ankylosis, or compression of the spinal cord or nerve roots at any vertebral level. In addition, clinical studies across the record (1F/6, (7F/3), (30F/4), (33F/4), have reported a normal and unassisted gait, such that the record does not indicate the claimant is unable to ambulate effectively. I did give careful consideration to the imaging study of the cervical spine, date May 15. 2013, which did indicate[] flattening of the spinal cord at the C5-C6 vertebral level (22F/3). However, I also note subsequent imagining of the cervical spine, dated January 17, 2017, which indicated ongoing multi-level degenerative disease, but no definitive compressive pathology at any level (32F/3). This appears corroborated by the electrodiagnostic studies dated January 18, 2017, which indicated no evidence of a cervical radiculopathy (36F/3). Otherwise, radiographic and scanning studies of the cervical spine (1F/22), (29F/3), have given no indication of ankylosis. Clinical studies have shown some deficits of fine coordination (7F/6), however, this appears transient, when examining later examinations (10F/10), (20F/5), (33F/7), and throughout the record, the claimant's grasp, manipulation and pinch abilities have been reported as normal (7F/6), (10F/10), (20F/5), (33F/7). The record does not, on the whole, support the contention that he is unable to engage in find and gross manipulation effectively.

(Tr. 625-626.) As the Magistrate correctly noted, the ALJ's analysis is thorough and supported by substantial evidence. (Doc. 20, p. 17-24.)

Plaintiff's objection to the ALJ's purported failure to address medical equivalence is likewise not well-taken. As the Magistrate noted, the ALJ explicitly states Plaintiff did not "meet[] or medically equal[] the severity of one of the listed impairments." (Tr. 625.) The ALJ did not,

4

as Plaintiff contends, simply state this conclusion without support in the record. In support of his finding, the ALJ added:

> [n]o treating or examining physician has indicated findings that would satisfy the severity requirements of any listed impairment. In reaching the conclusion that the claimant does not have an impairment or combination of impairments that meet or medically equal a listed impairment, I also considered the opinion of the State Agency medical consultants who evaluated this issue at the initial reconsideration levels of the administrative review process and reached the same conclusion. All of the listings were considered in reaching this finding, with specific emphasis on listings 1.04, 5.06, 11.14, and 12.04.

(Tr. 625) (internal citations omitted); Doc. 20, p. 18. Under the regulations, medical equivalency must be based on the medical evidence of record and "the opinion given by one or more medical or psychological consultants designated by the Commissioner." 20 C.F.R. §§ 404.1526(c), 416.926(c). Here, the ALJ expressly considered the opinions of the consulting physicians, and as discussed in detail by the Magistrate, properly considered their opinions and the medical evidence of record. Doc. 20, p. 18-24.

Moreover, contrary to Plaintiff's objection, neither the ALJ nor the Magistrate applied a duration requirement that Plaintiff must "suffer from his symptoms 24 hours a day, seven days a week to qualify for Social Security Disability Benefits." (Doc. 21.) To the contrary, the ALJ noted that Plaintiff's symptoms have not been consistent, but rather "transient," thereby failing to meet the twelve-month requirement.

Plaintiff's argument that the ALJ erred at "Step Five" in not considering the evaluation of consulting physician Robert Crawford in finding that Plaintiff could use his hands on a frequent basis is also ineffectual. In his opening brief, Plaintiff stated:

> In addition, the ALJ found that Colvin's "grasp, manipulation and pinch abilities have been reported as normal" (Tr. 625-626). The

5

> ALJ proceeded to cite to records including the questionable
> examination by Dr. Natali (Tr. 1096), but ignored the thorough
> examination by Dr. Robert Crawford. Dr. Crawford completed an
> examination and found abnormal range of motion, positive straight
> leg testing, decreased strength with varying degrees of weakness,
> and mild paresthesia in Colvin's lateral shoulder and radial wrist
> (Tr. 1119). The medical evidence, therefore, provided evidence
> which refuted the ALJ's conclusion that the record did not
> "support the contention that he is unable to engage in fine and
> gross manipulation effectively." (Tr. 626).

(Doc. 13, p. 19.)

A claimant's RFC is an is an assessment of "the most [the claimant] can do despite [the claimant's] limitations." As Plaintiff acknowledges, an ALJ must consider all symptoms and the extent to which those symptoms are consistent with the objective medical evidence. 20 C.F.R. §§ 404.1529, 416.929. While an ALJ must consider and weigh medical opinions, the RFC determination is expressly reserved to the Commissioner. *Ford v. Comm'r of Soc. Sec.*, 114 F. App'x 194, 198 (6th Cir. 2004); 20 C.F.R. §§ 404.1527(e)(2), 404.1546, 416.946. The Court must affirm "so long as substantial evidence also supports the conclusion reached by the ALJ "even if substantial evidence or indeed a preponderance of the evidence *also* supports a claimant's position." *Jones v. Comm'r of Social Sec.*, 336 F.3d 469, 477 (6th Cir. 2003).

Plaintiff argues remand is warranted because the RFC did not match Plaintiff's limitations – specifically that he was unable to unable to use his hands on a frequent basis – because the ALJ did not specifically discuss the examination findings of Dr. Crawford, and the 2017 MRI. An ALJ is not required to discuss every piece of evidence in the record. *See Kornecky v. Comm'r of Soc. Sec.*, 167 F. App'x 496, 507–08 (6th Cir. 2010). And the ALJ's reasons here for assigning little weight to Dr. Crawford's evaluation and/or the MRI are supported by the record. As the Magistrate Judge discussed, the ALJ thoroughly addressed Plaintiff's handling and fingering abilities and cited numerous points in the record for support.

6

Among other things, the ALJ pointed to several examinations where Plaintiff's fine coordination was normal. (Tr. 625, 576-77, 1095-98). Further, the ALJ noted that Plaintiff's grasp, manipulation, and pinch abilities have been reported as normal "throughout the record." (Tr. 625-26, 453, 478, 576, 1095). These records, cited by the ALJ, provide ample support for his position. Even if Dr. Crawford's evaluation arguably constitutes substantial evidence in support of Plaintiff's position, this Court must affirm ALJ.

Finally, the Magistrate Judge correctly determined that Plaintiff's arguments surrounding treating physicians is waived, because any such arguments were not raised in his opening brief. Indeed, Plaintiff does not identify the treating physician opinion to which he refers, identify what was problematic about that opinion, or apply regulations and case law concerning treating physicians to the record. Doc. 13, 21-21. Because Petitioner's treating physician argument is skeletal at best, it is waived. *See McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997) ("It is not sufficient for a party to mention a possible argument in a most skeletal way, leaving the court to put flesh on its bones.") Plaintiff's attempts to more fully develop a treating physician argument in his reply brief comes too late, as it is well-established that new substantive issues cannot be raised in a reply brief. *See United States v. Crozier*, 259 F.3d 503, 517 (6th Cir. 2001) (citing *United States v. Jerkins*, 871 F.2d 598, 602 (6th Cir. 1989)).

For the reasons discussed, the Court finds that substantial evidence supports the ALJ's conclusions in this case. The decision of the ALJ denying SSI and DIB is therefore AFFIRMED.

### III. CONCLUSION

Following review of the arguments presented, the record, and applicable law, and for the reasons stated herein, the Court hereby ORDERS that Plaintiff's objections are OVERRULED,

the Magistrate Judge's Report and Recommendation is ADOPTED, and the decision of Defendant is AFFIRMED.  This matter is therefore DISMISSED.

IT IS SO ORDERED.

DATE: 9/30/19                                   s/John R. Adams
                                                Judge John R. Adams
                                                UNITED STATES DISTRICT COURT